By the Court.
Meld: 1. That Bouton, by his purchase at a tax
•sale did not acquire any exclusive right to said lots as against the judgment creditors who had levied thereon, nor ás against the prior •mortgagee, and could not require that the proceeds of the sale should be appropriated to the joint judgment ^against himself and Kiser to the prejudice of the previous judgment and mortgage liens.
2. That by said purchase, Bouton became a trustee of the tas title for all said creditors and mortgagee, in the order of their respective liens, and could only require of them a reimbursement of .the principal and interest of the money so advanced by him.
3. That after the levy of execution upon said lot, the taking out a .•a fieri facias instead of a vend. exp. by the judgment creditor, under which the said lot was levied upon and sold, was not a waiver of ■the previous levy.
4. That the order of distribution made by the common pleas, appropriating the proceeds of said sale, first to the mortgage lien of Hough, and the residue to the judgment in favor of Lord & Hathaway, should be so far modified as to appropriate, in the first instance, •out of said proceeds, to the joint judgment against Kiser and Bouton, the amount of the principal and interest of all moneys paid by Bouton on said tax sale, and for subsequent taxes on said lot; .and that the residue of said proceeds be distributed in pursuance •of said order made by the court of common pleas.
5. The order being reversed in part, and in part affirmed, the •costs in error must be equally divided betwen plaintiff and defend.ants.
Cause remanded for final entry in accordance with these principles.